UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 24-58985-LRC |
| BOBBY EARL GRAY, JR., | CHAPTER 7 |
| Debtor. | |
| S. GREGORY HAYS, as Chapter 7 trustee, | |
| Plaintiff, | |
| v. | ADV. PRO. NO. |
| DEANNE N. GRAY, | |
| Defendant. | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Bobby Earl Gray, Jr. ("**Debtor**"), by and through undersigned counsel, and files this Complaint against Deanne N. Gray ("**Defendant**"), and respectfully shows the Court:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544, 550, and 551.

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Debtor Bobby Earl Gray, Jr.,

Case No. 24-58985-LRC (the "**Bankruptcy Case**" or "**Case**"), pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.

4. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5. Upon information and belief, Defendant was Debtor's wife prior to the Petition Date (defined below), but following the Petition Date, they were divorced.

6. Defendant is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure.

7. Trustee consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

**Statement of Facts**

***a. General Background***

8. Debtor initiated the underlying Case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on August 27, 2024 (the "**Petition Date**"). [Doc. No. 1].

9. Trustee held and concluded the Section 341 Meeting of Creditors (the "**341 Meeting**") in this Case on October 1, 2024, and thereafter he became, and remains, the duly acting Chapter 7 trustee in this Case.

***b. The Property and the Transfer***

10. Prior to and on the Petition Date, Debtor resided at, and prior to the Transfer (defined below) owned an interest in, that certain real property commonly known as 147 Babbs Mill Road, Hampton, Georgia 30228, more particularly described as all that tract or parcel of land lying and being in Land Lot 103 of the 6th District, Henry County, Georgia, being Lot 14A of

Ackerland Subdivision, as per plat recorded at Plat Book 57, Page 298, Henry County, Georgia records (the "**Property**").

11. On December 20, 2018, Defendant acquired the Property by warranty deed for a stated purchase price of $310,000.00 and, in connection with that acquisition, executed a security deed encumbering the Property in the original principal amount of $304,385.00.

12. Also on December 20, 2018, Defendant executed a Limited Warranty Deed conveying the Property from herself individually to herself and Debtor, as joint tenants with rights of survivorship, for no stated consideration. That deed was recorded on December 28, 2018, in Deed Book 16231, Page 234, Henry County, Georgia real property records (the "**Real Property Records**"). As a result, Debtor and Defendant thereafter held title to the Property together, as joint tenants with rights of survivorship.

13. On January 22, 2020, Debtor and Defendant executed a security deed refinancing the Property in the original principal amount of $304,433.00.

14. On June 11, 2021, Debtor and Defendant executed a further security deed refinancing the Property in the original principal amount of $301,893.00.

15. On April 7, 2022, Debtor executed a Quitclaim Deed conveying all of his right, title, interest, claim, and demand in and to the Property to Defendant (the "**Transfer**"). The Quitclaim Deed recites consideration of "Ten Dollars ($10.00) and other good and valuable consideration" and reflects a real estate transfer tax of $0.00. The Quitclaim Deed was recorded on April 11, 2022, in Deed Book 19030, Pages 76–77 of the Real Property Records.

16. Upon information and belief, the value of the Property on the date of the Transfer was greater than $450,000.00.

17. Through the Transfer, Debtor divested himself of his entire interest in the Property — an interest he had held jointly with Defendant since December 2018 — for no consideration or, at most, nominal consideration.

18. Upon information and belief, Debtor did not receive reasonably equivalent value in exchange for the Transfer.

19. Debtor continued to reside at, and to treat as his home, the Property after the Transfer, as reflected on Debtor's own petition, which lists 147 Babbs Mill Road, Hampton, Georgia 30228 as his residence. [Doc. No. 1 at p. 2 of 50].

20. On or about February 5, 2025, Defendant sold the Property to a third party for $540,000.00.

***c. Debtor's Schedules, Statement of Financial Affairs, and Financial Condition***

21. On his *Schedule A/B: Property*, Debtor indicated that he owns no legal or equitable interest in any residence, building, land, or similar real property. [Doc. No. 1 at p. 15 of 50].

22. Debtor's *Schedule I* reflects that Debtor was not employed as of the Petition Date and had monthly income of only $500.00, consisting of a family contribution, and his Schedule J reflects monthly expenses of $545.00, resulting in negative monthly net income. [Doc. No. 1 at pp. 30–33 of 50].

23. Debtor's Summary of Assets and Liabilities reflects total assets of $1,251.00 and total liabilities of $25,137.00. [Doc. No. 1 at p. 36 of 50].

24. Debtor's Schedule E/F reflects nonpriority unsecured claims totaling $25,137.00, including debts and accounts that were incurred or opened before the date of the Transfer, including, without limitation: (a) an account with Navy Federal Credit Union opened August 3, 2019; (b) an account with Capital One Auto Finance opened August 8, 2019; (c) an account with

CarMax Auto Finance opened January 2, 2017; (d) an account referenced as Merchants Adj Service opened November 12, 2018; and (e) an account with Midland Credit Management opened November 23, 2020. [Doc. No. 1 at pp. 23–26 of 50].

25. Upon information and belief, Debtor was insolvent at the time of the Transfer, or became insolvent as a result of the Transfer.

***d. Claims Filed in the Case***

26. As of the date of this Complaint, seven proofs of claim have been filed in the Case, asserting claims totaling $20,729.79, including a priority claim of the Georgia Department of Revenue in the amount of $2,357.02, several of which arose from debts incurred prior to the date of the Transfer.

**COUNT I**
**(Avoidance of Transfer as Actually Fraudulent Under 11 U.S.C. § 544(b) and O.C.G.A. § 18-2-74(a)(1))**

27. Trustee realleges the allegations of paragraphs 1 through 26 above as though fully set forth herein.

28. Pursuant to 11 U.S.C. § 544(b)(1), Trustee may avoid any transfer of an interest of Debtor in property that is voidable under applicable non-bankruptcy law by a creditor holding an unsecured claim allowable under 11 U.S.C. § 502.

29. One or more of Debtor's unsecured creditors holding allowable claims in the Case, including without limitation the creditors identified in paragraph 24 above, could avoid the Transfer under Georgia's Uniform Voidable Transactions Act, O.C.G.A. § 18-2-70, *et seq.*

30. The Transfer was made to Defendant, an insider of Debtor, as that term is defined in O.C.G.A. § 18-2-71.

31. The Transfer was made with actual intent to hinder, delay, or defraud one or more of Debtor's creditors, as evidenced by the badges of fraud identified in O.C.G.A. § 18-2-74(b), including, without limitation, that: the Transfer was made to an insider; Debtor retained possession of, and continued to reside at, the Property after the Transfer; Debtor received little or no consideration for the Transfer; and Debtor was insolvent, or became insolvent, at or near the time of the Transfer.

32. Under 11 U.S.C. § 544(b) and O.C.G.A. § 18-2-74(a)(1), Trustee is entitled to avoid the Transfer.

**COUNT II**
**(Avoidance of Transfer as Constructively Fraudulent Under 11 U.S.C. § 544(b) and O.C.G.A. §§ 18-2-74(a)(2) and 18-2-75; ALTERNATIVE COUNT)**

33. Trustee realleges the allegations of paragraphs 1 through 26 above as though fully set forth herein.

34. Debtor did not receive reasonably equivalent value in exchange for the Transfer.

35. At the time of the Transfer, Debtor was insolvent, or Debtor became insolvent as a result of the Transfer.

36. At the time of the Transfer, Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

37. One or more of Debtor's creditors holding claims that arose before the Transfer, including without limitation those identified in paragraph 24 above, could avoid the Transfer under O.C.G.A. §§ 18-2-74(a)(2) and 18-2-75.

38. Under 11 U.S.C. § 544(b) and O.C.G.A. §§ 18-2-74(a)(2) and 18-2-75, Trustee is entitled to avoid the Transfer.

**COUNT III**
**(Recovery of the Value of the Avoided Transfer Under 11 U.S.C. § 550)**

39. Trustee realleges the allegations of paragraphs 1 through 38 above as though fully set forth herein.

40. Defendant was the initial transferee of the Transfer and/or the person for whose benefit the Transfer was made.

41. As alleged in paragraph 19 above, Defendant sold the Property to a third party on or about February 5, 2025, for $540,000.00. Accordingly, the interest in the Property transferred through the Transfer is no longer recoverable in kind, and Trustee is entitled to recover the value of that interest.

42. Under 11 U.S.C. § 550(a)(1), Trustee is entitled to a money judgment against Defendant equal to the value of the interest in the Property transferred through the Transfer.

**COUNT IV**
**(Preservation of the Avoided Transfer Under 11 U.S.C. § 551)**

43. Trustee realleges the allegations of paragraphs 1 through 42 above as though fully set forth herein.

44. Once avoided, the Transfer is automatically preserved for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551.

**Reservation of Rights**

45. Trustee reserves the right to amend this Complaint to add additional parties, to add additional transfers, and to assert additional claims, including but not limited to any and all claims arising under Title 11 of the United States Code or applicable law.

WHEREFORE, Trustee prays that this Court enter judgment in favor of Trustee and against Defendant:

a) avoiding the Transfer under 11 U.S.C. § 544(b) and O.C.G.A. § 18-2-74(a)(1);

b) alternatively, avoiding the Transfer under 11 U.S.C. § 544(b) and O.C.G.A. §§ 18-2-74(a)(2) and 18-2-75;

c) awarding Trustee a money judgment against Defendant, under 11 U.S.C. § 550(a)(1), equal to the value of the interest in the Property transferred through the Transfer;

d) preserving the avoided Transfer for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551; and

e) granting such other and further relief as is just and proper.

Respectfully submitted this 26th day of August, 2026.

ROUNTREE LEITMAN KLEIN & GEER LLC
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Rd, Suite 350
Atlanta, Georgia 30329
Phone: (404) 410-1220